**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| YVES H. LORTHE,<br><br>Plaintiff,<br><br>v.<br><br>CARRON, *et al.*,<br><br>Defendants. | Civil No. 3:26-cv-1389-OAW |

**ORDER ON PLAINTIFF'S**
**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The plaintiff, Yves H. Lorthe, is an inmate in the custody of the Connecticut Department of Correction. He has filed a civil rights for damages under 42 U.S.C. § 1983. ECF No. 1. With his complaint, Mr. Lorthe filed an application to proceed *in forma pauperis*—in other words, he asks for permission to begin a civil lawsuit without pre-paying $405 in filing and administrative fees. ECF No. 2. For the following reasons, his application is denied.

Litigants may commence a civil action without pre-paying the filing fee by submitting an affidavit showing they are "unable to pay." 28 U.S.C. § 1915(a)(1). But a court must dismiss the case at any time if it "determines [] that the allegation of poverty is untrue . . . ." *Id.* § 1915(e)(2)(A). This provision prevents abuse of the judicial system by "weed[ing] out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status . . . ." *Vann v. Commissioner of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir.1997)) (alteration in original).

An *in forma pauperis* affidavit sufficiently demonstrates an inability to pay when it shows that the applicant pay court fees and still be able to provide life's necessities for himself and his dependents. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). While the applicant does not need to prove "absolute destitution," *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983), he does need to show that pre-paying the fee "would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007).

When applying this standard in the prison context, courts take note of the fact that many of a prisoner's necessities are provided to him by the government. As the Second Circuit explained, "what constitutes the 'necessities of life' that must be purchased is obviously different for prisoners, most of whose necessities are paid for by the jurisdiction that incarcerates them." *In re Epps*, 888 F.2d 964, 967 (2d Cir. 1989). Accordingly, inmates "with modest cash reserves are not paupers within the intendment of 28 U.S.C. § 1915(a) for the purpose of filing fees, initial service of process costs and the like." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984); *see also Cruz v. Dorzco*, No. 3:20-cv-01435, slip op. (D. Conn. Apr. 27, 2021) (denying an *in forma pauperis* application from an inmate with $1,461.00); *Hill v. Cook*, No. 3:21-cv-00239, slip op. at 2 (D. Conn. Mar. 12, 2021) (denying *in forma pauperis* status to a prisoner with a spendable balance of $1,000.61).

In his application to proceed *in forma pauperis*, Mr. Lorthe states that he receives monthly wages of $28 from his job as a Tierman for the prison; that he provides no support to any family members or other individuals; and that he spends less than $25 each month for certain necessities of life that are not provided by the Department of Correction. ECF No. 2 at 2-3. Mr. Lorthe indicates that he retains only 21 cents in cash or checking and

saving accounts. *Id.* at 3. But this claim of poverty is belied by the copy of his inmate trust account statement he submitted in support of his application. ECF No. 3. It reveals that he had a spendable balance of only $114.21 on August 25, 2026, but had regular outside deposits of $100 or $50 amounting to more than $1,800 during the six-month period preceding the filing of this action.

The court finds that these misrepresentations materially affect Mr. Lorthe's apparent ability to pay. "All litigants must make decisions about how to spend their money when they are contemplating litigation." *Brown v. Ruiz*, No. 3:20-cv-1202 (KAD), 2020 WL 6395480, at *1 (D. Conn. Nov. 2, 2020) (slip op.). But a court's consideration of a prisoner's affidavit of indigence may consider whether a prisoner who had insufficient funds at the time of filing has recently drawn down his account and if so, for what purpose. *Hinton v. Pearson*, No. 3:21-CV-863 (MPS), 2021 WL 3036921, at *2 (D. Conn. July 19, 2021). Here, the court discerns from the trust account statement that anytime Mr. Lorthe received an outside deposit of either $100 or $50 during the relevant six month period, he spent money at the commissary. ECF No. 3. The allegations of Mr. Lorthe's complaint show that he was pursuing his claims at least eight months prior to filing his complaint insofar as he complained to Department of Correction staff as early as December 2021, ECF No. 1 ¶ 6, and that he filed a Level 1 Grievance to exhaust his prison administrative remedies on December 5, 2025, *id.* ¶ 23.[1] Mr. Lorthe's trust fund account shows that he could have paid the court fee from the regular deposits made to his account from February 2 to August 25, 2026, but instead, he spent that money at the commissary.

---

[1] The Prisoner Litigation Reform Act, which governs actions brought by prison inmates, requires a prisoner to exhaust administrative remedies prior to filing a federal lawsuit regarding prison conditions. 42 U.S.C. § 1997e(a).

The court finds that Mr. Lorthe's misrepresentations warrant denial of the motion to proceed *in forma pauperis,* and that the misrepresentations show he did have the ability to pay the court fees should, by statute, warrant dismissal of the entire action. However, acknowledging the possibility of an honest mistake, the court will not dismiss the case for that reason.

The court does find, though, that the complaint warrants dismissal for failure to state a claim. Broadly stated, Plaintiff brings suit because the restroom in the prison weight room has been out of order and he must return to his unit if he wishes to use the facilities during his workout, after which he is not permitted to return to the weight room. But it is not clear which federal right is violated by this situation. The strongest claim the court can construe from these allegations is an Eighth Amendment violation for unconstitutional conditions of confinement, but the court cannot conclude that the facts alleged support such a claim. Plaintiff does not allege that he may not exercise, or that he ever is prohibited from reaching a restroom at all. While the situation certainly is frustrating, it does not rise to constitutional proportions.

Accordingly, the case is dismissed, but without prejudice. Plaintiff may file an amended complaint and pay the filing fee on or before **December 31, 2026.** Failure to do so will result in the dismissal converting to one with prejudice, without further order of the court, and the case being closed.

**IT IS SO ORDERED** at Hartford, Connecticut, this 9th day of October, 2026.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE